O’CONNELL, J.
(dissenting).
Defendant, Allan Wayne Shank, is a serial sexual offender with eight felony convictions. After Shank engaged in a disturbing photograph exchange with an inmate, police searched his home and found firearms. His most recent convictions are felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b. The sentencing guidelines recommended a minimum sentence of 7 to 46 months’ imprisonment. The trial court departed upward from this recommendation, sentencing Shank to 12 to 25 years’ imprisonment for his felon in possession conviction and a consecutive term of two years’ imprisonment for his felony-firearm conviction. Because I conclude that this Court need look no further than People v Lockridge, 498 Mich 358; 870 NW2d 502 (2015), to resolve this case, I would affirm.
I. STANDARD OF REVIEW
In Lockridge, the Michigan Supreme Court stated that this Court should review a trial court’s sentence for reasonableness. Id. at 392.[1] The “reasonableness” review “merely asks whether the trial court abused its discretion . . . ” Rita v United States, 551 US 338, 351; 127 S Ct 2456; 168 L Ed 2d 203 (2007); see also People v Steanhouse, 313 Mich App 1, 44-48; 880 NW2d 297 (stating that a sentence may constitute an abuse of discretion if it violates principles of proportionality). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled out *228 comes. Maldonado v Ford Motor Co, 476 Mich 372, 388; 719 NW2d 809 (2006).
II. APPLICATION OF LOCKRIDGE
The Lockridge question in this case is whether Shank is entitled to resentencing. Shank contends on appeal that the trial court engaged in improper judicial fact-finding under Alleyne v United States, 570 US_; 133 S Ct 2151; 186 L Ed 2d 314 (2013).[2] The answer to this question hinges on whether Shank, who failed to preserve an Alleyne claim in the trial court, has shown plain error. I conclude that Lockridge addresses the question in this case perfectly and answers it in the negative. Shank is not entitled to resentencing.
If a defendant does not challenge the scoring of his or her offense variables (OVs) at sentencing on Alleyne grounds, our review is for plain error affecting that defendant’s substantial rights. Lockridge, 498 Mich at 392. In this case, Shank did not challenge the scoring of his OV scores on Alleyne grounds. Our review is for plain error.
To be entitled to relief under plain-error review, a defendant must show that the error affected the outcome of the lower court proceedings. Id. at 393. The Lockridge court aptly stated the application of the plain error doctrine in cases—like Shank’s—in which the defendant did not preserve an Alleyne challenge below and the trial court departed upward:
Because [the defendant] received an upward departure sentence that did not rely on the minimum sentence range from the improperly scored guidelines (and indeed, the *229 trial court necessarily had to state on the record its reasons for departing from that range), the defendant cannot show prejudice from, any error in scoring the OVs in violation oí Alley ne. [Id. at 394 (emphasis altered).]
If a defendant’s minimum sentence involved an upward departure, that defendant “necessarily cannot show plain error . . . Id. at 395 n 31. “It defies logic that the court in those circumstances would impose a lesser sentence had it been aware that the guidelines were merely advisory.” Id.
In this regard, the Steanhouse Court’s decision to remand in that case was contrary to the precepts of stare decisis. As in Lockridge, the trial court in Stean-house departed upward from the recommended sentencing range. Steanhouse, 313 Mich App at 42. The defendant in Steanhouse, like the defendant in Lock-ridge, did not challenge the scoring of his OVs on Alleyne grounds. Id. The Court of Appeals in Stean-house recognized that the defendant could not establish a plain error under Lockridge. However, the Court proceeded to review the defendant’s sentence and remand for resentencing anyway, directly contrary to the language of Lockridge providing that the Lockridge defendant was not entitled to resentencing under the exact same circumstances.
I would follow Lockridge without declaring a conflict panel. The reason is simple—this Court need not convene a conflict panel to follow a rule articulated by the Supreme Court, even if a decision of this Court conflicts with the Supreme Court’s decision. Charles A Murray Trust v Futrell, 303 Mich App 28, 49; 840 NW2d 775 (2013). Until the Supreme Court’s decision is overruled by the Supreme Court itself, the rules of stare decisis require this Court to follow the Supreme Court’s decision. Paige v Sterling Hts, 476 Mich 495, 524; 720 *230 NW2d 219 (2006). This Court simply “does not have the authority to recant the Supreme Court’s positions.” Murray Trust, 303 Mich App at 49. Under the rule of stare decisis, this Court must follow a decision of the Supreme Court even if another panel of this Court decided the same issue in a contrary fashion. Id. Because Steanhouse ignored the clear directives of the Michigan Supreme Court, it is against the rules of stare decisis to follow the procedures in that case. I cannot in good conscience violate the rules articulated in Lock-ridge.
A remand under United States v Crosby, 397 F3d 103 (CA 2, 2005), is used to determine whether prejudice resulted from an error. People v Stokes, 312 Mich App 181, 200-201; 877 NW2d 752 (2015). The Lock-ridge court stated that no prejudice could result from the type of “error” involved in this case.[3] Shank cannot show plain error; therefore, he is not entitled to relief. I conclude that a Crosby remand is not appropriate or necessary in this case.
Ill. DUE PROCESS
Shank also raises a due process issue, contending that the trial court may not consider his conduct of sending photographs of a young child to Jerry Hilliard, an inmate and sex offender, because the prosecution dropped the charge for possession of child sexually abusive material (child pornography).[4] The majority does not reach this issue because it concludes that remand is appropriate. Because I would not remand, I will address this issue.
*231 It is fundamentally unfair for the prosecution to drop a charge while engaging in plea negotiations, only to “resurrect it at sentencing in another form.” People v McGraw, 484 Mich 120, 134; 771 NW2d 655 (2009). That is not what happened in this case.
In this case, the prosecution dropped a charge for possessing child sexually abusive material. In sentencing defendant, the trial court did not rely on defendant’s possession of the sexually abusive photograph, but instead focused on how Shank’s conduct— grooming an acquaintance’s child and sending photographs of that child and an ostensibly pregnant seven-year-old to Hilliard, who was incarcerated for molesting children—showed that he had very little rehabilitative potential and posed a danger to the community. I conclude that the trial court did not violate Shank’s due process rights.
IV. PROPORTIONALITY
Shank also raises a proportionality question unrelated to the application of Lockridge and Alleyne—he contends that the trial court’s lengthy sentence was not proportional because it was not justified by the circumstances of his crime. Again, I disagree.
Even when the sentencing guidelines were mandatory, the “key test” of a sentence was whether it was proportionate to the seriousness of the matter, rather than whether it strictly adhered to a guidelines range. People v Milbourn, 435 Mich 630, 661; 461 NW2d 1 (1990). “[P]unishment should be made to fit the crime and the criminal.” People v Babcock, 469 Mich 247, 262; 666 NW2d 231 (2003). One purpose of the sentencing guidelines is to facilitate proportional sentences. See People v Smith, 482 Mich 292, 320-321; 754 NW2d 284 (2008) (MARKMAN, J., concurring).
*232 The trial court stated extensive reasons for why Shank’s sentence was proportional. It gave these reasons under the now-defunct label of “substantial and compelling reasons,”[5] but the fact that the sentencing guidelines are no longer mandatory does not negate that the trial court in this case did in fact consider the proportionality of its sentence. The trial court considered Shank’s criminal history, his conduct leading to the charges in this case, and his failure to rehabilitate. Specifically, it found that Shank lacked rehabilitative potential. He was previously incarcerated for accosting minors, but his uncharged conduct raised serious concerns that he would continue to engage in that behavior. Shank violated his probation and parole, including by possessing firearms, and while he was imprisoned he engaged in poor behavior. And Shank continued to pose a danger to children and the community because he could not or would not be rehabilitated. Under these facts, I conclude that the trial court’s sentence fell within the range of principled outcomes.
I would affirm.

 The Lockridge Court adopted the reasonableness standard from United States v Booker, 543 US 220, 261; 125 S Ct 738; 160 L Ed 2d 621 (2005). Lockridge, 498 Mich at 392.

 Ixl Alleyne, the United States Supreme Court held that “any fact that increases the mandatory minimum is an ‘element’ that must be submitted to the jury.” Alleyne, 570 US at_; 133 S Ct at 2155.

 I am concerned about questions of judicial economy implicit in blindly affording Crosby remands to every sentencing question that is raised before this Court post-Lockridge, particularly when challenges to those sentences are unpreserved.

 See MCL 750.145c(4).

 The trial court need no longer articulate substantial and compelling reasons to justify a departure from the sentencing guidelines. Lockridge, 498 Mich at 364-365. However, the trial court should still articulate reasons for why its sentence is more proportionate than a sentence within the guidelines range, even though these reasons need not be substantial and compelling. See Rita, 551 US at 356-357 (stating that when determining the reasonableness of a sentence, courts should consider the sentencing court’s reasons for departing from the guidelines); Gall v United States, 552 US 38, 50; 128 S Ct 586; 169 L Ed 2d 445 (2007) (stating that a more significant departure will require more justification to be upheld as proportional than a minor departure).